UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| LARRY WAYNE AIKEN, Jr., | Civ. No. 12-6980 (JBS) (KMW) |
| Plaintiff, | |
| v. | **OPINION** |
| DONNA ZICKEFOOSE, Warden, | |
| Defendant. | |

**APPEARANCES:**

> LARRY WAYNE AIKEN, Jr.
> 20329-017
> F.C.I. Fort Dix
> P.O. Box 2000
> Fort Dix, NJ 08640
> Plaintiff *pro se*

**JEROME B. SIMANDLE, CHIEF JUDGE**

## I. INTRODUCTION

Plaintiff is a federal inmate who is incarcerated at F.C.I. Fort Dix in Fort Dix, New Jersey. He is proceeding *pro se* with a civil rights complaint pursuant to *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971) and 28 U.S.C. § 1331.[1] Plaintiff has submitted an application to proceed *in forma pauperis*. Based on the *in forma pauperis* application, the Court will grant plaintiff's application to proceed *in forma pauperis* and will order the Clerk to file the complaint.

---

[1] Plaintiff claims that jurisdiction is proper under 42 U.S.C. § 1983, which applies to state prisoners. (*See* Compl. at p. 2.) However, as plaintiff is a federal prisoner, the Court finds that jurisdiction is proper under *Bivens* and Section 1331.

At this time, the Court must review the complaint pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A to determine whether it should be dismissed as frivolous or malicious, for failure to state a claim upon which relief may be granted, or because it seeks monetary relief from a defendant who is immune from suit. For the reasons set forth below, the complaint will be dismissed with leave to amend.

## II.   BACKGROUND

Plaintiff brings this complaint against defendant Donna Zickefoose, the warden of F.C.I. Fort Dix. Plaintiff states the following facts in the complaint:

> On May 22, 2012, I was admitted to the Special Housing Unit by Lt. C. Fields for an investigation of my "possible involvement in an assault." On June 28, 2012, the SIS investigation was completed, 37 days later. I did not receive any disciplinary reports or any paperwork regarding the investigation. On July 7, 2012 Mr. Emmert, my case manager, came to the SHU and had me sign paperwork for a transfer, which did not occur due to I was less than one year to my release from prison. On August 28, 2012 Mr. McKinnen, my unit manager, advised me to fill out a request form requesting placement on the West compound. On September 22, 2012 I filed a request to Lt. Tucker asking for paperwork regarding the investigation. (No response) Between September 23 to October 2, I did research on SHU detainment in the BOP's Program Statement. On October 2, 2012 I talked to Warden Zickefoose about my continued detainment. She stated that she didn't want me on the compound. That same day, I filed another request to Mr. McKinnen for release to the West Compound. On October 15, 2012, I filed a BP-8 with Mrs. Centeno, my counselor, seeking a remedy. On October 16, 2012 I was finally released to the West Compound, 119 days after the completion of the SIS investigation. I believe I should have been released within 72 hours after the completion of the investigation.

(Compl. at p. 5-6.) Plaintiff requests $69,500.00 for the 119 days he remained in the Special Housing Unit after June 28, 2012, as well as $10,000.00 for mental anguish. (*See id.* at p. 7.)

2

### III. STANDARD OF REVIEW

A. Standards for *Sua Sponte* Dismissal

The Prison Litigation Reform Act, Pub. L. 104-134, 110 Stat. 1321 (Apr. 26, 1996), requires a district court to review a complaint in a civil action in which a prisoner is proceeding *in forma pauperis* or seeks redress against a governmental employee or entity. The Court is required to identify cognizable claims and to *sua sponte* dismiss any claim that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. §§ 1915(e)(2)(B) & 1915A(b). This action is subject to both 28 U.S.C. § 1915(e)(2)(B) and 1915A because plaintiff is proceeding *in forma pauperis* and is a prisoner.

Federal Rule of Civil Procedure 8(a)(2) provides that a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." However, "a pleading that offers 'labels or conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). To prevent summary dismissal, the complaint must allege "sufficient factual matter" to show that the claim is facially plausible which "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Fowler v. UPMS Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (citation omitted).

The Supreme Court's ruling in *Iqbal* emphasizes that a plaintiff must demonstrate that the allegations of the complaint are plausible. *See* 556 U.S. at 678-79; *Warren Gen. Hosp. v. Amgen, Inc.*, 643 F.3d 77, 84 (3d Cir. 2011). "A complaint must do more than allege a plaintiff's entitlement to relief. A complaint has to 'show' such an entitlement with its facts." *Fowler*, 578 F.3d at 211 (citation omitted). That said, in light of the Plaintiff's *pro se* status, the Court

liberally construes the complaint in his favor. *See Erickson v. Pardus*, 551 U.S. 89, 93-94 (2007); *see also Liggon-Redding v. Estate of Sugarman*, 659 F.3d 258, 265 (3d Cir. 2011) ("Pro se filings . . . must be liberally construed.").

   B. <u>*Bivens* Actions</u>

In *Bivens*, 403 U.S. at 389, the Supreme Court created a federal counterpart to the remedy created in 42 U.S.C. § 1983. *See Egervary v. Young*, 366 F.3d 238, 246 (3d Cir. 2004) (stating that *Bivens* actions are the federal counterpart to Section 1983). In order to state a claim under *Bivens*, a plaintiff must allege: (1) a deprivation of a right secured by the Constitution and laws of the United States; and (2) that the deprivation of the right was caused by a person acting under color of federal law. *See Couden v. Duffy*, 446 F.3d 483, 491 (3d Cir. 2006) (stating that under Section 1983 "an individual may bring suit for damages against any person who, acting under color of state law, deprives another individual of any rights, privileges, or immunities secured by the United States Constitution or federal law," and that *Bivens* held that a parallel right exists against federal officials); *see also Collins v. F.B.I.*, Civ. No. 10-3470, 2011 WL 1627025, at *6 (D.N.J. Apr. 28, 2011) ("The Third Circuit has recognized that *Bivens* actions are simply the federal counterpart to § 1983 claims brought against state officials and thus the analysis established under one type of claim is applicable under the other."). Under *Bivens*, "[g]overnment officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of *respondeat superior*." *Iqbal*, 556 U.S. at 676.

## IV. DISCUSSION

The Fifth Amendment states that "[n]o person shall . . . be deprived of life, liberty, or property without due process of law." U.S. CONST. amend. V. A prisoner facing the loss of a legally cognizable liberty interest in disciplinary proceedings has a due process right to certain

4

procedural protections. *See Wolff v. McDonnell*, 418 U.S. 539, 566-67 (1974). In *Sandin v. Conner*, 515 U.S. 472 (1995), the United States Supreme Court addressed the question of when state prison regulations can create liberty interests protected by the Due Process Clause and held:

> States may under certain circumstances create liberty interests which are protected by the Due Process Clause. But these interests will be generally limited to freedom from restraint which, while not exceeding the sentence in such an unexpected manner as to give rise to protection by the Due Process Clause of its own force, nonetheless imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life.

*Id.* at 483-84. While *Sandin* addressed a state-created liberty interest under the Fourteenth Amendment, it is applicable to Fifth Amendment due process claims brought by federal prisoners. *See Castillo v. FBOP*, Civ. No. 05-5076, 2006 WL 1764400, at *3 (D.N.J. June 23, 2006) (citing *Crowder v. True*, 74 F.3d 812, 814 (7th Cir. 1996); *Tellier v. Fields*, 280 F.3d 69, 79-83 (2d Cir. 2000); *Babcock v. White*, 102 F.3d 267, 274 (7th Cir. 1996)); *see also Douglas v. Zickefoose*, Civ. No. 11-406, 2012 WL 266364, at *17 n.3 (D.N.J. Jan. 27, 2012) (stating that *Sandin* applies to Fifth Amendment claims involving federal prison regulations); *White v. Bledsoe*, Civ. No. 10-0146, 2010 WL 1754581, at *3 (M.D. Pa. Apr. 29, 2010) (same). In determining whether a protected liberty interest exists, the duration of the confinement and the conditions of that confinement are considered in relation to other prison conditions. *See Mitchell v. Horn*, 318 F.3d 523, 532 (3d Cir. 2003) (citing *Shoats v. Horn*, 213 F.3d 140, 144 (3d Cir. 2000)); *see also Cooper v. Diggs*, 423 Fed. Appx. 162, 165 (3d Cir. 2011) ("The length of confinement is but one of the considerations in evaluating whether the restraint imposes such hardship; [i]n deciding whether a protected liberty interest exists under *Sandin*, we consider the duration of the disciplinary confinement *and* the conditions of that confinement in relation to other prison conditions.") (emphasis in original) (internal quotation marks and citation omitted).

5

In this case, plaintiff alleges that he wrongfully remained housed in the Special Housing Unit from June 28, 2012 to October 16, 2012, a period of 119 days. However, the Third Circuit has held that confinement in segregation for fifteen months is not an atypical and significant hardship giving rise to a due process claim. *See Griffin v. Vaughn*, 112 F.3d 703 (3d Cir. 1997) (stating that exposure to conditions of administrative custody for periods as long as fifteen months did not deprive plaintiff of a liberty interest); *see also Velasquez v. DiGuglielmo*, No. 12-4062, 2013 WL 1122717 at *5 (3d Cir. Mar. 19, 2013) (holding that a four-month confinement in restricted housing unit did not constitute an atypical or significant hardship); *Smith v. Mensinger*, 293 F.3d 641, 654 (3d Cir. 2002) (seven month disciplinary confinement does not on its own violate a protected liberty interest as defined in *Sandin*). Therefore, Plaintiff's allegation of 119 days of confinement in the Special Housing Unit, without more, does not state a due process claim. Furthermore, plaintiff does not allege what the conditions of confinement were while he was housed in the Special Housing Unit. Accordingly for these reasons, plaintiff fails to state a due process claim.

To the extent that the complaint could liberally be construed as raising a claim under the Eighth Amendment for cruel and unusual punishment, plaintiff also fails to allege facts sufficient to state a claim. To state a claim under the Eighth Amendment, a plaintiff must allege both an objective and a subjective component. *See Wilson v. Seiter*, 501 U.S. 294, 298 (1991); *see also Counterman v. Warren County Corr. Facility*, 176 Fed. Appx. 234, 238 (3d Cir. 2006). Only "extreme deprivations" are sufficient to make out an Eighth Amendment claim. *See Hudson v. McMillan*, 503 U.S. 1, 9 (1992). As to the objective component, only those deprivations denying the "minimal civilized measure of life's necessities," which includes food, clothing, shelter, sanitation, medical care and personality safety qualify as sufficiently grave to form the basis for

an Eighth Amendment violation. *See Betts v. New Castle Youth Dev. Ctr.*, 621 F.3d 249, 256 (3d Cir. 2010) (citing *Farmer v. Brennan*, 511 U.S. 825, 832, 835 (1994)). As to the subjective component, the plaintiff must show that the prison official acted with deliberate indifference to the prisoner's health or safety. *See Wilson*, 501 U.S. at 298-99.

The complaint fails to allege facts from which it can reasonably be inferred that plaintiff was deprived of the minimally civilized life necessities. As previously stated, the complaint is silent as to the conditions of his confinement while plaintiff was housed in the Special Housing Unit. Additionally, the complaint fails to allege facts that an individual acted with deliberate indifference to those minimally civilized life necessities. Thus, the complaint does not state an Eighth Amendment claim.

Before dismissing a complaint for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court must grant plaintiff leave to amend the complaint unless amendment would be futile. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 114 (3d Cir. 2002). In this case, because it is possible that plaintiff may be able to supplement his complaint with facts sufficient to overcome the deficiencies noted herein, plaintiff shall be given leave to amend.

## V. CONCLUSION

For the reasons set forth above, the complaint will be dismissed without prejudice for failing to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1). Plaintiff shall be granted leave to move to re-open this action and to file an amended complaint. If plaintiff chooses to file an amended complaint, it should be complete on its face because an amended complaint supersedes the original complaint.

DATED: **June 4, 2013**

                                              **s/ Jerome B. Simandle**
                                              JEROME B. SIMANDLE
                                              United States District Chief Judge